DAVID B. BARLOW, United States Attorney (#13117)
VERNON G. STEJSKAL, Assistant United States Attorney (#8434)
Attorneys for the United States of America
185 South State Street, Suite 300
Salt Lake City, Utah 84111
Telephone: (801-524-5682

FILED
U.S. DISTRICT COURT
2013 OCT 23 D 4:09
DISTRICT OF UTAH
BY:_____
DEPUTY CLERK

IN THE UNTED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| UNITED STATES OF AMERICA, | Case No. |
|---|---|
| Plaintiff, | INDICTMENT |
| vs. | 21 U.S.C. § 841(a)(1) and § 846, Conspiracy to Distribute a Controlled Substance |
| SIMMON LEE WILCOX, BENJAMIN DAVID GRISEL, BRENDA ANN GRISEL, JERON SCOTT HALES, JEREMY DANIEL PERKINS, and RANDALL DAVID AYRTON, | 21 U.S.C. § 841(a)(1), Possession with Intent to Distribute and Distribution of a Controlled Substance |
| Defendants, | 18 U.S.C. § 1028(a)(1)&(2), Identification Document Fraud |

Case: 2:13-cr-00717
Assigned To : Stewart, Ted
Assign. Date : 10/23/2013
Description: USA v.

COUNT 1

CONSPIRACY TO DISTRIBUTE OXYCODONE

(21 U.S.C. § 841(a)(1) and § 846)

On or about between July 15, 2010 and March 15, 2013, in the Central Division of the District of

Utah and elsewhere,

SIMMON LEE WILCOX,

BENJAMIN DAVID GRISEL,
BRENDA ANN GRISEL,
JERON SCOTT HALES,
JEREMY DANIEL PERKINS,
and RANDALL DAVID AYRTON,

the defendants herein, did knowingly and intentionally combine, conspire, confederate, and agree together, and with other persons known and unknown to the grand jury, to commit the following offense against the United States, that is, to distribute and possess with intent to distribute Oxycodone, a Schedule II controlled substance within the meaning of 21 U.S.C. § 812; all in violation of Title 21 United States Code § § 841(a)(1) and 846, and punishable pursuant to 21 U.S.C. § 841(b)(1)(C).

COUNT 2

DISTRIBUTION OF OXYCODONE

(21 U.S.C. § 841(a)(1))

On or about between July 15, 2010 and March 15, 2013, in the Central Division of the District of Utah,

SIMMON LEE WILCOX

the defendant herein, did knowingly and intentionally distribute Oxycodone, a Schedule II Controlled Substance, within the meaning of 21 U.S.C. § 812; and did aid and abet therein; all in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, and punishable pursuant to 21 U.S.C. § 841(b)(1)(C).

COUNT 3

POSSESSION OF OXYCODONE WITH INTENT TO DISTRIBUTE

2

(21 U.S.C. § 841(a)(1))

On or about between July 15, 2010 and March 14, 2013, in the Central Division of the District of Utah,

BENJAMIN DAVID GRISEL,

the defendant herein, did knowingly and intentionally possess with intent to distribute Oxycodone, a Schedule II Controlled Substance, within the meaning of 21 U.S.C. § 812, and did aid and abet therein; all in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, and punishable pursuant to 21 U.S.C. § 841(b)(1)(C).

COUNT 4

POSSESSION OF OXYCODONE WITH INTENT TO DISTRIBUTE

(21 U.S.C. § 841(a)(1))

On or about between August 13, 2010 and February 20, 2013, in the Central Division of the District of Utah,

BRENDA ANN GRISEL,

the defendant herein, did knowingly and intentionally possess with intent to distribute Oxycodone, a Schedule II Controlled Substance, within the meaning of 21 U.S.C. § 812, and did aid and abet therein; all in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, and punishable pursuant to 21 U.S.C. § 841(b)(1)(C).

COUNT 5

POSSESSION OF OXYCODONE WITH INTENT TO DISTRIBUTE

(21 U.S.C. § 841(a)(1))

On or about between October 19, 2010 and May 20, 2011, in the Central Division of the District of Utah,

JERON SCOTT HALES,

the defendant herein, did knowingly and intentionally possess with intent to distribute Oxycodone, a Schedule II Controlled Substance, within the meaning of 21 U.S.C. § 812, and did aid and abet therein; all in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, and punishable pursuant to 21 U.S.C. § 841(b)(1)(C).

## COUNT 6

### POSSESSION OF OXYCODONE WITH INTENT TO DISTRIBUTE

(21 U.S.C. § 841(a)(1))

On or about between January 7, 2012 and March 15, 2013, in the Central Division of the District of Utah,

JEREMY DANIEL PERKINS,

the defendant herein, did knowingly and intentionally possess with intent to distribute Oxycodone, a Schedule II Controlled Substance, within the meaning of 21 U.S.C. § 812, and did aid and abet therein; all in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, and punishable pursuant to 21 U.S.C. § 841(b)(1)(C).

## COUNT 7

### POSSESSION OF OXYCODONE WITH INTENT TO DISTRIBUTE

(21 U.S.C. § 841(a)(1))

On or about between January 18, 2012 and November 19, 2012, in the Central Division of the District of Utah,

RANDALL DAVID AYRTON,

the defendant herein, did knowingly and intentionally possess with intent to distribute Oxycodone, a Schedule II Controlled Substance, within the meaning of 21 U.S.C. § 812, and did aid and abet therein; all in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, and punishable pursuant to 21 U.S.C. § 841(b)(1)(C).

COUNT 8

DISTRIBUTION OF HYDROCODONE

(21 U.S.C. § 841(a)(1))

On or about October 23, 2012, in the Central Division of the District of Utah,

SIMMON LEE WILCOX,

the defendant herein, did knowingly and intentionally distribute to B.S., Hydrocodone, a Schedule III Controlled Substance, within the meaning of 21 U.S.C. § 812; and did aid and abet therein; all in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, and punishable pursuant to 21 U.S.C. § 841(b)(1)(C).

COUNT 9

DISTRIBUTION OF HYDROCODONE

(21 U.S.C. § 841(a)(1))

On or about November 13, 2012, in the Central Division of the District of Utah,

SIMMON LEE WILCOX,

the defendant herein, did knowingly and intentionally distribute to B.S., Hydrocodone, a Schedule III Controlled Substance, within the meaning of 21 U.S.C. § 812; and did aid and abet

therein; all in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, and punishable pursuant to 21 U.S.C. § 841(b)(1)(C).

## COUNT 10

### DISTRIBUTION OF HYDROCODONE

(21 U.S.C. § 841(a)(1))

On or about November 13, 2012, in the Central Division of the District of Utah,

### SIMMON LEE WILCOX,

the defendant herein, did knowingly and intentionally distribute to S.C., Hydrocodone, a Schedule III Controlled Substance, within the meaning of 21 U.S.C. § 812; and did aid and abet therein; all in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, and punishable pursuant to 21 U.S.C. § 841(b)(1)(C).

## COUNT 11

### IDENTIFICATION DOCUMENT FRAUD

(18 U.S.C. § 1028(a)(1))

On or about a date unknown, but at least by September 29, 2010, in the Central Division of the District of Utah,

### JERON ~~DANIEL~~ Scott (AN) HALES,

the defendant herein, did knowingly and without lawful authority, produce a false identification document, to wit: a driver license bearing a photograph of P. R., but bearing a false name and address, with the intent to facilitate a drug trafficking crime as defined in 18 U.S.C. § 929(a)(2), and which offense was in and affecting interstate commerce, and did aid and abet therein; all in

6

violation of 18 U.S.C. § 1028(a)(1) and 18 U.S.C. § 2, and punishable pursuant to 18 U.S.C. § 1028(b)(3).

COUNT 12

IDENTIFICATION DOCUMENT FRAUD

(18 U.S.C. § 1028(a)(2))

On or about a date unknown, but at least by September 29, 2010, in the Central Division of the District of Utah,

JERON ~~DANIEL~~ HALES, *Scott A*

the defendant herein, did knowingly and intentionally, transfer a false identification document, to wit: a driver license bearing a photograph of P. R., but bearing a false name and address, knowing such document was produced without lawful authority, and with the intent to facilitate a drug trafficking crime as defined in 18 U.S.C. § 929(a)(2), and which offense was in and affecting interstate commerce, and did aid and abet therein; all in violation of 18 U.S.C. § 1028(a)(2) and 18 U.S.C. § 2, and punishable pursuant to 18 U.S.C. § 1028(b)(3).

A TRUE BILL:

/s/
_____
FOREPERSON OF THE GRAND JURY

DAVID B. BARLOW
United States Attorney

_____
VERNON G. STEJSKAL
Assistant United States Attorney

7