IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>SIMMON LEE WILCOX,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION FOR RELEASE PENDING APPEAL<br><br>Case No. 2:13-CR-717 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendant's *pro se* Motion for Release Pending Appeal. For the reasons discussed below, the Court will deny the Motion.

## I. BACKGROUND

On January 28, 2016, a jury found Defendant guilty of conspiracy to distribute Oxycodone and distribution of Oxycodone. Defendant was sentenced on May 9, 2016, to a term of 100 months in the custody of the Bureau of Prisons. Defendant was ordered to voluntarily surrender on August 12, 2016. Defendant has appealed his conviction and sentence.

On August 1, 2016, Defendant sought to extend his self-surrender date. The Court denied his request the following day. Defendant now seeks release pending his appeal.

## II. DISCUSSION

18 U.S.C. § 3143(b)(2) states:

> The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained.

1

18 U.S.C. § 3142(f)(1)(C) includes "an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act." Here, Defendant's crimes of conviction carry a maximum sentence of more than ten years under the Controlled Substance Act.[1] Thus, generally detention would be required.

Detention is not mandatory under 18 U.S.C. § 3143(b)(2), however, if Defendant can meet the additional requirements of 18 U.S.C. § 3145(c). That statute states, in pertinent part:

> A person subject to detention pursuant to section 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate.

Defendant argues that he should remain released so that he can continue his medical practice.[2] Defendant states that his imprisonment would put his patients at risk. A letter from Defendant's employer, the Alliance Against Diabetes, similarly asserts that Defendant's continued release is necessary for the health and well-being of its patients.

The Court finds that Defendant has not shown that there are exceptional reasons why his detention would not be appropriate. The Court is sympathetic to Defendant's concerns about his patients. It was partially for this reason that the Court allowed Defendant a longer period to voluntarily surrender. Defendant and his employer have known about the potential of a prison sentence for a substantial period of time. The fact that they have failed to take the necessary

---

[1] *See* 21 U.S.C. § 841(b)(1)(C).

[2] Under a Settlement Agreement with the Nevada Board of Medical Examiners, Defendant's medical license will be revoked on the date that he begins his sentence. Docket No. 361, Attachment 1.

steps to provide care for Dr. Wilcox's patients in his absence does not create an exceptional reason that would favor continued release.

Even if he had shown an exceptional reason for his continued release, Defendant has not met the other statutory requirements. Before Defendant could remain released, the requirements of § 3143(b)(1) must still be met. 18 U.S.C. § 3143(b)(1) allows for release pending appeal if the Court finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community and that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in reversal or an order for a new trial. The Court assumes for the purposes of this Motion that Defendant is not likely to flee or pose a danger and that his appeal is not for the purpose of delay. Thus, the only issue is whether Defendant's appeal raises substantial questions of law or fact likely to result in reversal or an order for a new trial.

> In making this determination, the Tenth Circuit has adopted a two-step approach.[3]
>
> First, the court must decide that the appeal raises a "substantial" question of law or fact. Second, "if that substantial question is determined favorably to defendant on appeal, that decision is likely to result in reversal or an order for a new trial of all counts on which imprisonment has been imposed."[4]

A substantial question is "one of more substance than would be necessary to a finding that it was not frivolous. It is a close question or one that very well could be decided the other way."[5] "[W]hether a particular question is 'substantial' must be determined on a case-by-case basis."[6]

---

[3] *United States v. Affleck*, 765 F.2d 944, 952 (10th Cir. 1985).

[4] *Id.* (quoting *United States v. Miller*, 753 F.2d 19, 24 (3d Cir. 1985)).

[5] *Id.* (quotation marks and citations omitted).

[6] *Id.*

3

Here, Defendant has failed to show that his appeal raises a substantial question of law or fact. Defendant asserts that he has consulted several appellate attorneys who have assured him that his conviction will be overturned. The Court is not so convinced. There was ample evidence to support the jury's finding of guilt and the Court believes that Defendant's sentence was appropriate. Without more, the Court cannot find that Defendant's appeal raises a substantial question. Therefore, Defendant has not met the requirements of 18 U.S.C. § 3142(b)(1) and his request for release pending appeal will be denied.

III. CONCLUSION

It is therefore

ORDERED that Defendant's Motion for Release Pending Appeal (Docket No. 361) is DENIED. Defendant is directed to surrender to the facility designated by the Bureau of Prisons on August 12, 2016, by 2:00 P.M.

DATED this 11th day of August, 2016.

BY THE COURT:

Ted Stewart
United States District Judge